IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICIA A. DOWNS,

      Plaintiff,                                ORDER

v.

                                Case No.  19-cv-1054-wmc

CITY OF LA CROSSE,

      Defendant.

---

*Pro se* plaintiff Patricia Downs has filed suit against the City of La Crosse arising out of her interaction with a La Crosse Police Department employee on August 23, 2019.  Since Downs seeks to proceed without prepayment of the filing fee, the court is required to screen her complaint under 28 U.S.C. § 1915(e)(2).  Because she is a *pro se* litigant, Downs is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even under this  relaxed standard, she will not be allowed to proceed on her current pleading.

ALLEGATIONS OF FACT

On August 23, 2019, plaintiff Patricia Downs was leaving her job in Onalaska, Wisconsin, at about 11:00 a.m.  As Downs was passing a Ford garage driveway, she was almost hit by a red Ford van.  Downs followed the van into the Ford garage parking lot and observed a female exit from the driver's side of the vehicle.  Downs believes that person was a La Crosse Police Department Sergeant.  While Downs yelled that she wanted to talk to the Sergeant, she alleges the person drove away in the red Ford van instead.

Downs also believes that she recognized the Sergeant driving the red Ford van from a previous encounter.  Specifically, Downs alleges that at some point in the past, she had been crossing the street in front of the La Crosse police department parking lot, and someone shoved her into a cinder block building, knocking her out.  While Downs does not allege who shoved her, she claims that the same woman who was in the red Ford van on August 23, 2019, also woke her up after she had been knocked out.

Following the August 23 encounter, Downs subsequently called the Mayor of La Crosse multiple times.  Eventually, the mayor called her back, but assured her that the van she saw was not a La Crosse Police Department vehicle, and instead belonged to the Onalaska Police Department, a neighboring municipality.   In this lawsuit, Downs apparently seeks to identify the female that "tried to hit her" on August 23, 2019.

OPINION

There are a number of problems with the suit Down wishes to pursue in federal court.  As an initial matter, Down's has not identified a proper defendant.  She may not proceed against the City of La Crosse, since she has not alleged that the police department employee acted in accordance with an unconstitutional policy or custom of the City or police department, which is a requirement to establish liability against a municipality or other governmental unit under § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The only allegations in Downs' complaint that even appears to be directed to *the City* (or more specifically, to its Police Department) concern her calls to the mayor, who allegedly denied that the van belonged to the La Crosse Police Department.  However,

2

these assertions do *not* support any inference that the City or its police department had an unconstitutional policy or custom that "caused" a violation of Downs' constitutional rights. For example, Downs does not allege that the City or police department had a policy of permitting officers to drive recklessly despite knowing that such policy would likely result in the violation of constitutional rights. *See Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("A municipality may only be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom.") (citing *Monell*, 436 U.S. at 694, 98). Nor on the bare bones allegations about the actions of a single police officer in her complaint could she do so in good faith.

Even assuming Downs intends to sue the individual police department employee who allegedly almost hit her on August 23, 2019, Downs cannot proceed in federal court, which is one of limited jurisdiction. Generally, this court may only hear cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.

To start, plaintiff's complaint does not invoke any federal law or constitutional right that would provide this court with jurisdiction under § 1331. Even construing her allegations broadly, Downs' allegations certainly do not suggest that she is asserting any rights under the U.S Constitution or a federal statute. Regardless, to bring a claim under 42 U.S.C. § 1983, a plaintiff must at minimum allege the violation of a right protected by the Constitution or laws of the United States. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (setting forth elements of a § 1983 claim). In particular, Downs does not claim that the female officer's actions amount to a search, seizure or excessive force implicating

her Fourth Amendment rights, which is the only theory of relief this court can even conceive might be brought, although even that would appear frivolous on the facts pleaded so far.  Instead, Downs appears to be seeking relief based on a female La Crosse police department employee's alleged attempt to hit her with a car -- a claim that would seem to sound in the state law tort of attempted assault or, possibly, intentional or negligent infliction of emotional distress.  Because such a claim is not governed by federal law, this court lacks jurisdiction over Downs' claim under § 1331.

This court similarly lacks jurisdiction under 28 U.S.C. § 1332, since Down neither alleges that she is a citizen of a different state than defendant, nor that the amount in controversy in this case is greater than $75,000.  Accordingly, the court must dismiss Downs' complaint for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that Plaintiff Patricia Downs' motion for leave to proceed (dkt. #5) is DENIED, and this lawsuit is dismissed for lack of subject matter jurisdiction.

Entered this 18th day of May, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge